IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NUTRIEN AG SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-cv-00303-KFP |
| ) | |
| CADE M. GRACE, individually; ) | |
| DORMAN K. GRACE, individually; ) | |
| SUSAN D. GRACE, individually; and ) | |
| GRACE FARMING COMPANY, LLC, ) | |
| a limited liability company, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Nutrien Ag Solutions, Inc., a Delaware corporation ("Nutrien" or "Plaintiff"), by and through its undersigned attorney, brings this action against Defendants Cade M. Grace, an individual; Dorman K. Grace, an individual; Susan D. Grace, an individual; and Grace Farming Company, LLC, a limited liability company, (collectively referred to as "the Defendants" or "Defendants"), as follows:

1

## PARTIES

1.      Nutrien is a citizen of Delaware as it is a Delaware corporation and a citizen of Colorado as its principal place of business is in Loveland, Colorado, and it is registered to do business in the State of Alabama. Nutrien is the owner of the credit agreements and promissory note at issue in this litigation.

2.      Defendant Cade M. Grace, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because he is domiciled in Walker County, Alabama, and may be served at 301 Morrison Road, Jasper, Alabama 35504.

3.      Defendant Dorman K. Grace, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because he is domiciled in Walker County, Alabama, and may be served at 301 Morrison Road, Jasper, Alabama 35504.

4.      Defendant Susan D. Grace, is, upon information and belief, over the age of 19 years, and a citizen of Alabama because she is domiciled in Walker County, Alabama, and may be served at 301 Morrison Road, Jasper, Alabama 35504.

5.      Defendant Grace Farming Company, LLC, is an Alabama limited liability company. The citizenship of a limited liability company is adjudged by the citizenship of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990).

Based upon reasonable investigation, Grace Farming Company, LLC's members are Dorman K. Grace, Susan D. Grace, Judson D. Grace, and Cade M. Grace, who are all citizens of Alabama. As such, Defendant Grace Farming Company, LLC is a citizen of Alabama and may be served at c/o Dorman K. Grace, Registered Agent, 301 Morrison Road, Jasper, Alabama 35504.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Nutrien and all Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00, as set forth below.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the promissory note at issue in this litigation provides that "any lawsuit arising from or relating to [the] promissory note and the business relationship between the parties shall be brought only in the jurisdiction of any state or federal court encompassing Montgomery County, Alabama." (*See* Ex. D, ¶ III).

## STATEMENT OF FACTS

8. Nutrien adopts and incorporates by reference Paragraphs 1 through 7 as if fully set forth herein.

9. On January 22, 2019, Cade M. Grace d/b/a Grace Farms and Dorman K. Grace entered into a Credit Agreement (the "First Agreement") for Nutrien to

3

provide and deliver goods and services for their farming operations on open account for account -3965. The First Agreement was personally and unconditionally guaranteed by both Cade M. Grace ("Cade Grace") and Dorman K. Grace ("Dorman Grace"). A true and correct copy of the First Agreement is attached hereto as Exhibit A[1].

10. Subsequently, on October 23, 2019, Cade Grace entered into a second Credit Agreement (the "Second Agreement") for Nutrien to provide and deliver goods and services for his farming operation on open account for account -1247. The Second Agreement was executed by Cade Grace. A true and correct copy of the Second Agreement is attached hereto as Exhibit B.

11. On February 15, 2021, Cade Grace, Dorman Grace, and Grace Farming Company, LLC ("Grace Farming") entered into a third Credit Agreement (the "Third Agreement") for Nutrien to provide and deliver goods and services for their farming operation on open account for account -2899. A true and correct copy of the Third Agreement is attached hereto as Exhibit C.

12. Pursuant to the abovementioned Credit Agreements, Cade Grace, 377Dorman Grace, and Grace Farming requested Nutrien to provide and deliver goods and services for their farming operation on open account for account -5937.

---

[1] Pursuant to Fed. R. Civ. P. 5.2, Nutrien has redacted some personal identifier information that appears on the Contract.

13. In 2021, Cade and Dorman Grace became delinquent in payment of the goods and services for accounts -3965 and -1247. Subsequently, in forbearance of pursuing immediate collection against Cade and Dorman Grace, Nutrien, Cade Grace, Dorman Grace, Susan D. Grace ("Susan Grace") and Grace Farming entered into a secured promissory note on March 25, 2021 (the "Note"), allowing the Defendants to pay the full balance owed on accounts -3965 and -1247 by December 1, 2021. A true and correct copy of the Note is attached hereto as Exhibit D. Pursuant to the Note, the Defendants promised to pay Nutrien the sum of $417,575.33 in accordance with the payment schedule set forth therein. Pursuant to the payment schedule, the Defendants were obligated to make four (4) total payments to Nutrien as follows: a $40,000.00 payment due on April 1, 2021, an $80,000.00 payment due on August 1, 2021, a $75,000.00 payment due on October 1, 2021, and a payment of the remaining balance, including accrued interest, on December 1, 2021.

14. The Note is past maturity without full payment.

15. The Defendants have failed to pay the balances owed under the Note by the maturity date and have failed to pay said sums as of this date.

16. The total balance under the Note for accounts -3965 and -1247 is $162,119.63 as of March 31, 2025, plus interest that will accrue until a judgment in favor of Nutrien is rendered.

17.     In the event of default, the Defendants agreed to pay Nutrien's reasonable attorney's fees, plus all costs and expenses of collection. As such, attorney's fees, expenses, and costs are hereby claimed and demanded.

## COUNT I
## BREACH OF PROMISSORY NOTE AGAINST DEFENDANTS CADE M. GRACE, DORMAN K. GRACE, SUSAN D. GRACE, AND GRACE FARMING COMPANY, LLC

18.     Nutrien adopts and incorporates by reference paragraphs 1 through 17 above as if fully set forth herein.

19.     Nutrien and the Defendants entered into the Note obligating the Defendants to pay Nutrien the total amount of $417,575.33 for past due amounts under accounts -3965 and -1247, in accordance with a defined payment schedule with a maturity date of December 1, 2021. The Defendants breached the terms of the Note as the maturity date has lapsed without Nutrien receiving full payment.

20.     As of March 31, 2025, the total amount owed under the Note is $162,119.63, plus interest that will accrue until a judgment in favor of Nutrien is rendered, and payment of all costs of collection incurred by Nutrien, including reasonable attorney's fees and expenses related to this action.

WHEREFORE, Nutrien demands judgment against the Defendants in the amount of $162,119.63, plus pre-judgment interest that shall accrue until judgment

in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT II
### OPEN ACCOUNT FOR 2022 CROP YEAR DEBT AGAINST DEFENDANT CADE M. GRACE

21. Nutrien adopts and incorporates by reference paragraphs 1 through 20 above as if fully set forth herein.

22. In the Spring of 2022, following execution of the Note, Cade Grace ordered various additional products, not included in the Note indebtedness, from Nutrien on open account at various times and Nutrien sold and delivered the products to Cade Grace (the "2022 Crop Year Debt").

23. Cade Grace has failed and/or refused to pay in full the amounts owed on account -1247 for the 2022 Crop Year Debt in accordance with the terms and conditions of the Second Agreement. As of March 31, 2025, the amount owed is $7,297.00.

WHEREFORE, Nutrien demands judgment against Defendant Cade Grace in the amount of $7,297.00, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT III
## ACCOUNT STATED AGAINST DEFENDANT CADE M. GRACE

24. Nutrien adopts and incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

25. Cade Grace is indebted to Nutrien in the total amount of $7,297.00, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, and attorney's fees and costs on an account stated between Nutrien and Cade Grace.

WHEREFORE, Nutrien demands judgment against Cade Grace in the amount of $7,297.00, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT IV
## GOODS SOLD AND DELIVERED AGAINST DEFENDANT CADE M. GRACE

26. Nutrien adopts and incorporates by reference paragraphs 1 through 25 above as if fully set forth herein.

27. Cade Grace ordered goods for his farming operation from Nutrien.

28. Nutrien sold and delivered those goods to Cade Grace.

29. Cade Grace has failed and/or refused to pay for those goods and Nutrien has been damaged as a result.

WHEREFORE, Nutrien demands judgment against Cade Grace in the amount of $7,297.00, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT V
### UNJUST ENRICHMENT AGAINST DEFENDANT CADE M. GRACE

30. Nutrien adopts and incorporates paragraphs 1 through 29 above as if fully set forth herein.

31. The goods sold and delivered by Nutrien was used by and for the benefit of Cade Grace at his request.

32. Cade Grace voluntarily accepted and retained the benefit of the goods without remitting full payment to Nutrien.

33. As such, Cade Grace has been unjustly enriched at the expense of Nutrien.

WHEREFORE, Nutrien demands judgment against Cade Grace in the amount of $7,297.00, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT VI

## OPEN ACCOUNT FOR ACCOUNTS -2899 AND -5937 AGAINST DEFENDANTS CADE M. GRACE, DORMAN K. GRACE, AND GRACE FARMING COMPANY, LLC

34. Nutrien adopts and incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35. In addition to executing the Note, Cade Grace, Dorman Grace, and Grace Farming established accounts -2899 and -5937 with Nutrien whereby Nutrien would provide goods and services to Cade Grace, Dorman Grace, and Grace Farming for their farming operation and promised to pay all amounts supplied on open account. The accounts were unconditionally guaranteed personally by both Cade and Dorman Grace.

36. Cade Grace, Dorman Grace, and Grace Farming ordered products from Nutrien on open account at various times and Nutrien sold and delivered the products to them at their request.

37. Cade Grace, Dorman Grace, and Grace Farming have failed and/or refused to pay in full the amounts owed on accounts -2899 and -5937 in accordance with the terms and conditions of the abovementioned Agreements. As of March 31, 2025, the amount owed for accounts -2899 and -5937 is $384,854.65.

WHEREFORE, Nutrien demands judgment against Defendants Cade Grace, Dorman Grace, and Grace Farming in the amount of $384,854.65, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT VII
### ACCOUNT STATED AGAINST DEFENDANTS CADE M. GRACE, DORMAN K. GRACE, AND GRACE FARMING COMPANY, LLC

38. Nutrien adopts and incorporates by reference paragraphs 1 through 37 above as if fully set forth herein.

39. Cade Grace, Dorman Grace, and Grace Farming are indebted to Nutrien in the total amount of $384,854.65, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, and attorney's fees and costs on an account stated between Nutrien, Cade Grace, Dorman Grace, and Grace Farming.

WHEREFORE, Nutrien demands judgment against Defendants Cade Grace, Dorman Grace, and Grace Farming in the amount of $384,854.65, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT VIII

### GOODS SOLD AND DELIVERED
### AGAINST DEFENDANTS CADE M. GRACE,
### DORMAN K. GRACE, AND GRACE FARMING COMPANY, LLC

40. Nutrien adopts and incorporates by reference paragraphs 1 through 39 above as if fully set forth herein.

41. Cade Grace, Dorman Grace, and Grace Farming ordered goods for their farming operation from Nutrien.

42. Nutrien sold and delivered those goods to Cade Grace, Dorman Grace, and Grace Farming.

43. Cade Grace, Norman Grace, and Grace Farming have failed and/or refused to pay for those goods and Nutrien has been damaged as a result.

WHEREFORE, Nutrien demands judgment against Defendants Cade Grace, Dorman Grace, and Grace Farming in the amount of $384,854.65, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

## COUNT IX

### UNJUST ENRICHMENT AGAINST
### DEFENDANTS CADE M. GRACE, DORMAN K. GRACE,
### AND GRACE FARMING COMPANY, LLC

44. Nutrien adopts and incorporates paragraphs 1 through 43 above as if fully set forth herein.

45. The goods and services sold and delivered by Nutrien was used by and for the benefit of Cade Grace, Dorman Grace, and Grace Farming at their request.

46. Cade Grace, Dorman Grace, and Grace Farming voluntarily accepted and retained the benefit of the goods and services without remitting full payment to Nutrien.

47. As such, Cade Grace, Dorman Grace, and Grace Farming have been unjustly enriched at the expense of Nutrien.

WHEREFORE, Nutrien demands judgment against Defendants Cade Grace, Dorman Grace, and Grace Farming in the amount of $384,854.65, plus pre-judgment interest that shall accrue until judgment in favor of Nutrien is rendered, attorney's fees and costs, and any such other relief the Court may award.

Respectfully submitted this 25th day of April, 2025.

s/ Patrick L. W. Sefton
Patrick L. W. Sefton (ASB-8341-N47P)
Kazia J. Hale (ASB-1232-M00F)
Attorneys for Nutrien Ag Solutions, Inc.

OF COUNSEL:
CAPELL & HOWARD, P.C.
P. O. Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Email: pat.sefton@chlaw.com
       kazia.hale@chlaw.com

## **CLERK**

Nutrien will serve Defendants by private process server at the following addresses:

Cade M. Grace
301 Morrison Road
Jasper, Alabama 35504

Dorman K. Grace
301 Morrison Road
Jasper, Alabama 35504

Susan D. Grace
301 Morrison Road
Jasper, Alabama 35504

Grace Farming Company, LLC
c/o Dorman K. Grace
301 Morrison Road
Jasper, Alabama 35504

/s/Patrick L.W. Sefton
Of Counsel

# CAPELL & HOWARD P.C.
### ATTORNEYS AT LAW

150 SOUTH PERRY STREET (36104)
POST OFFICE BOX 2069
MONTGOMERY, ALABAMA 36102-2069



CLEARED